(90 Misc. Rep. 549)

In re MOSTOFSKY.

(Surrogate's Court, Kings County. May, 1915.)

1. JUDGMENT ⬚650—CONCLUSIVENESS—INTERLOCUTORY ORDER.
    An interlocutory order in an action is not ordinarily res adjudicata.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1162; Dec. Dig. ⬚650.]

2. JUDGMENT ⬚650—CONCLUSIVENESS—PROCEEDINGS—INTERLOCUTORY ORDERS.
    The objectant to the probate of the will of her alleged husband, in a previous action against him for limited divorce, obtained an interlocutory order granting alimony and counsel fees, which order was reversed by the Appellate Division on the ground that the alleged marriage between the

parties was void. *Held*, that, such order being merely interlocutory, it was not conclusive against the objections made to the probate of the will.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1162; Dec. Dig. ☞650.]

Petition by Joseph Mostofsky to prove the will of Harry Herman, deceased, to which objections were filed by Esther Lehrman. On motion to strike out objections before trial. Motion denied.

Randolph N. Souffront, of New York City, for proponent.

Alexander S. Drescher, of Brooklyn, for contestant Esther Lehrman.

KETCHAM, S. [1, 2] Objections to the probate of the will having been filed by one claiming to be the decedent's widow, the proponent moves that the objections be stricken out before trial, on the ground that it has been decided by the Appellate Division of this department that the alleged marriage between the decedent and herself was void. Such was the decision, but it was not made upon a trial of the issues. It was made in an action brought by the objectant against the decedent for limited divorce, and was the expression of the ground upon which the Appellate Division reversed an order granting to her alimony and counsel fee. There may have been an order entered upon the decision, but no final judgment was rendered. None was possible.

Ordinarily an interlocutory order in an action is not a conclusive adjudication. Nothing is shown upon this motion to lift the determination of the Appellate Division out of the ordinary class. A fair test of its effect readily suggests itself, by which it must appear that the order or decision was not such final adjudication as would prevent a re-examination. If the order be not a final adjudication, in the sense that it stops any renewal of the controversy affected thereby, it would have had the same character and force in that action. It would not have been a bar to the determination of the status of the parties thereto if one of them had insisted upon a trial of the issues involved in the action in which the order of the Appellate Division was made. Clearly, if it could not be put in evidence against the alleged wife upon the trial of that action, it cannot be availed of to conclude her in this proceeding.

Motion denied.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes